**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| In Re:  Lois Joyce Evans | ) | Bankruptcy No. 20-20387-CMB |
| | ) | |
| Debtor. | ) | Chapter 11 |
| | ) | |
| | ) | |

**DISCLOSURE STATEMENT**
**TO ACCOMPANY PLAN DATED FEBRUARY 22, 2021**

Debtor furnishes this disclosure statement to creditors in the above-captioned matter pursuant to Bankruptcy Code §1125 to assist them in evaluating Debtor's proposed Chapter 11 plan, a copy of which is attached hereto. Creditors may vote for or against the plan of reorganization. Creditors who wish to vote must complete their ballots and return them to the following address before the deadline noted in the order approving the disclosure statement and fixing time. The Court will schedule a hearing on the plan pursuant to 11 U.S.C. §1129.

Address for return of ballots:

Brian C. Thompson, Esquire
Thompson Law Group, P.C.
125 Warrendale-Bayne Road, Suite 200
Warrendale, PA 15086

**I.      Background**

**1.      Name of Debtor**

Lois Joyce Evans

**2.      Type of Debtor**

Debtor is an individual residing in the Commonwealth of Pennsylvania.

**3.      Debtor's Business or Employment**

Debtor is employed as a Vice President at Teradata Inc.

**4.      Date of Chapter 11 Filing:**

January 31, 2020

**5.      Events that Caused the Filing:**

The Debtor initiated this Chapter 11 after becoming financially distressed by the following factors: (1) falling behind on his financial obligations primarily on the mortgage to her home and facing significant tax debt to the Internal Revenue Service.

6. **Anticipated Future of the Debtor & Source of this Information and Opinion:**

The Plan is to be implemented by the reorganized Debtor through future income of the Debtor derived by employment and from compensation in the form of liquidated stock options.

7. **Summarize all Significant Features of the Plan Including When and How Each Class of Creditor Will Be Paid and What, If Any, Liens Will Be Retained By Secured Creditors or Granted to Any Creditor Under the Plan**

    A. Class 1, Administrative Claims (Unimpaired).

    Claims shall be paid in full as of the Plan effective date, if possible, or as soon thereafter as practicable. Other post-petition administrative claims, including counsel fees and quarterly fees to the United States Trustee will be paid as they become due from time to time and with prior Court approval if necessary.

    B. Class 2, Secured Claims of PNC Bank, NA (Proof of Claim No. 12 and 10) (Impaired).

    PNC Bank's mortgage claims in the amount of $764,091.88, and $39,074.42 respectively, secured against the Debtor's residence at 113 Burry Avenue, Bradford Woods, PA 15015, as first and second mortgages shall be paid at the monthly contract rate as per the terms. The mortgage arrears shall be cured consistent with the stipulation entered at docket number 137 and subject to the conditions found therein.

    The post-petition mortgage arrears of $42,840.15 shall be cured via a lump sum payment of no less than $55,000 on or before July 1, 2021.

    The pre-petition arrears in the amount of $129,038.73 shall be cured by the Debtor paying an additional $2,000 above the regular mortgage payment per month commencing in February 2021 until the arrears are satisfied. Additional lump sum payments of $12,159.85 on or before July 1, 2021

2

(representing the balance of the lump sum $55,000.00 paid to cure the post-petition arrears), and $74,000.00 on or before November 1, 2021 shall be made to further reduce the arrears.

C.  Class 3, Internal Revenue Service (Secured Claim portion of claim 7) (Impaired).

Internal Revenue Service's secured claim of $227,954.18 shall be paid over 7 years at 3% interest with 84 monthly payments of $3,012.03 per month.

D. Class 4, Internal Revenue Service (Priority Claim portion of claim 7) (Impaired). The priority tax claim of Internal Revenue Service in the amount of $304,225.45, shall be paid over 7 years with 84 monthly payments of $4,019.82.

E. Class 5, Pennsylvania Department of Revenue (Secured Claim 2) (Impaired)

The secured claim of Pennsylvania Department of Revenue in the amount of $41,211.67 will be paid over 7 years at 3% interest with 120 payments of $544.54.

F.  Class 6 JP Morgan Chase Bank, NA (Secured Claim 6) (Impaired)

The $33,467.21 claim of JP Morgan Chase Bank NA which is secured against the Debtor's 2017 Ford Explorer shall be paid over a term of 5 years at 4% interest with 60 monthly payments of $616.35.

G.  Class 7 General Unsecured Claims (Impaired)

The general unsecured creditor pool shall be paid $20,000 over five years via annual $4,000.00 payments to be made on the anniversary date of the confirmation of this plan.  Said payment shall be distributed pro rata to all allowed unsecured creditors.

8. **Are All Monthly Operating Statements Current and on File with the Clerk of Court?**

Yes __x__ No _____

**If Not, Explain:**

9. **Does the plan provide for releases of non-debtor parties? Specify which parties and terms of release.**

No.

10. **Identify all executory contracts that are to be assumed, assumed and assigned, or rejected.**
None.

3

**11.    Has a bar date been set?**

Yes, July 29, 2020 for governmental units and June 30, 3030 for all other creditors or parties in interest.

**12.    Has an election under 11 U.S.C. §1121(e) been filed with the Court to be treated as a small business?**

Yes _____    No __X____

**13.    Specify property that will be transferred subject to 11 U.S.C. §1146.**

None.

**II.    Creditors**

A.    Secured Claims (Based on filed Proofs of Claims).

| Creditor | Total Amount Owed (Estimated or claimed) | Arrearages | Type of Collateral Priority of Lien | Disputed Liquidated Unliquidated | Will Liens be Retained Under the Plan (Y) or (N) |
|---|---|---|---|---|---|
| PNC Bank | $764,091.88 | $129,038.73 | 113 Burry Avenue, Bradford Woods, PA 15015 | | Yes |
| PNC Bank | $39,074.42 | $1505.75 | 113 Burry Avenue, Bradford Woods, PA 15015 | | Yes |
| Internal Revenue Service | $227,954.18 | | 113 Burry Avenue, Bradford Woods, PA 15015 | | Yes until paid off through plan |
| PA Dept of Revenue | $41,211.67 | | 113 Burry Avenue, Bradford Woods, PA 15015 | | Yes until paid off through plan |
| JP Morgan Chase Bank | $33,467.21 | | 2017 Ford Explorer | | Yes until paid off through plan |

B.    Unsecured Claims

1.    Amount Debtor Scheduled (Disputed and Undisputed)         $

4

| | | | |
|---|---|---|---|
| 2. | Amount of Unscheduled Unsecured Claims[1] | | $ |
| 3. | Total Claims Scheduled or Filed | | $2,042,578.97 |
| 4. | Amount Debtor Disputes (Investigation not complete) | | $ |
| 5. | Estimated Allowable Unsecured Claims | | $Unknown |

C. Other Classes of Creditors - Priority

| | | |
|---|---|---|
| 1. | Amount Debtor Scheduled (Disputed and Undisputed) | $0.00 |
| 2. | Amount of Unscheduled Unsecured Claims | $0.00 |
| 3. | Total Claims Scheduled of Filed | $304,225.45 |
| 4. | Amount Debtor Disputes | $0.00 |
| 5. | Estimated Allowable Unsecured Claims | $304,225.45 |

D. Other Classes of Interest Holders

| | | |
|---|---|---|
| 1. | Amount Debtor Scheduled (Disputed and Undisputed) | $0.00 |
| 2. | Amount of Unscheduled Unsecured Claims | $0.00 |
| 3. | Total Claims Scheduled of Filed | $0.00 |
| 4. | Amount Debtor Disputes | $0.00 |
| 5. | Estimated Allowable Unsecured Claims | $2,042,446 |

## III. Assets

| Assets | Value | Basis for Value Priority of Lien | Name of Lienholder (if any) (Fair Market Value/Book Value) | Amount of Debtor's Equity (Value Minus Liens, but not considering exemptions) |
|---|---|---|---|---|
| 113 Burry Avenue, Bradford Woods, PA 15015 | $1,000,000 | Debtor's estimation/ comparable properties | PNC Bank, IRS, PA Department of Revenue | $0.00 |
| 2017 Ford Explorer | $17,500.00 | KBB | JP Morgan Chase Bank | $0.00 |
| 2005 Audi TT | $3,500.00 | KBB | None | $3,500.00 |
| Various household goods and furnishings | $8,175.00 | Debtor's estimation | None | $8,175.00 |
| Joint Checking Account at Dollar Bank | $18,000.00 | Estimation of value as of filing date | None | $18,000.00 |
| Joint Checking at Dollar Bank | $250.00 | Estimation of value of as filing date | None | $250.00 |
| Savings Account | $1,000.00 | Estimation of value as of filing date | None | $1,000.00 |

---

[1] Includes a.) unsecured claims filed by unscheduled creditors; b.) that portion of any unsecured claim filed by a scheduled creditor that exceeds the amount debtor scheduled; and c.) any unsecured portion of any secured debt not previously scheduled.

| | | | | |
|---|---|---|---|---|
| Insurance Policy through New York Life | $11,000.00 | Surrender value | None | $11,000.00 |
| Cash | $50.00 | | None | $50.00 |
| | $1,060,300.00 | | | $41,975 |

1. Are any assets which appear on Schedule A or B of the bankruptcy petition or subsequent amendments not listed above?
    No.

2. If so, identify asset and explain why asset is not in estate:

3. Are any assets listed above claimed as exempt?

    Yes.

## IV. **Summary of Plan**

1. Effective Date of Plan: Within 30 days from the date the Order confirming the Plan is entered.

2. Will cramdown be sought?    Yes, if votes needed for confirmation are not obtained.

3. Treatment of Secured Non-Tax Claims

### SECURED NON-TAX CLAIMS

| Name of Creditor | Class | Amount Owed | Summary of Proposed Treatment |
|---|---|---|---|
| PNC Bank | 2 | $764,091.88, and $39,074.42 | To be paid as per contract with arrears cured as per stipulation. |
| JP Morgan Chase Bank | 6 | $33,467.21 | To be paid at 4% over 5 years. |

4. Treatment of Secured Tax Claims

### SECURED TAX CLAIMS

| Name of Creditor | Class | Amount Owed | Summary of Proposed Treatment |
|---|---|---|---|
| Internal Revenue Service | 3 | $227,954.18 | Paid at 3% interest over 7 years. |
| Pennsylvania Dept. of Revenue | 5 | $41,211.67 | Paid at 3% interest over 7 years. |

5. Treatment of Administrative Non-Tax Claims[2]

---

[2] Include all § 503(b) administrative claims

6

ADMINISTRATIVE NON-TAX CLAIMS

| Name of Creditor* | Amount Owed | Type of Debt** | Summary of Proposed Treatment and Date of First Payment |
|---|---|---|---|
| Thompson Law Group, P.C. | $25,000.00 Approximate and estimated (P) | Attorney for the Debtors – legal fees | Upon Court approval of fees, will be partially paid on plan effective date and thereafter at an amount no less than $750/month |
|  | $0.00 (UST) | U.S. Trustee Fees | Will be paid in full on a quarterly or in accordance with applicable guidelines. |

*Identify and Use Separate Line for Each Professional and Estimated Amount of Payment
**Type of Debt (P=Professional, TD=Trade, TX=Taxes)

6. Treatment of Administrative Tax Claims

ADMINISTRATIVE TAX CLAIMS

| Name of Creditor* | Amount Owed | Type of Debt** | Summary of Proposed Treatment and Date of First Payment |
|---|---|---|---|
| None |  |  |  |

7. Treatment of Priority Non-Tax

PRIORITY NON-TAX CLAIMS

| Name of Creditor | Class | Amount Owed | Date of Assessment | Summary of Proposed Treatment |
|---|---|---|---|---|
| None |  |  |  |  |

8. Treatment of Priority Tax Claims[3]

PRIORITY TAX CLAIMS

| Name of Creditor | Class | Amount Owed | Date of Assessment | Summary of Proposed Treatment |
|---|---|---|---|---|
| Internal Revenue Service | 4 | $304,225.45 |  | Paid at 3% interest over 7 years. |

9. Treatment of General Unsecured Non-Tax Claims

GENERAL UNSECURED NON-TAX CLAIMS

---

[3] Include dates when any § 507(a)(7) taxes were assessed.

7

| Creditor | Class | Total Amount Owed | Percent of Dividend |
|---|---|---|---|
| American Express Travel Related Services (POC 3) | 7 | $693.01 | 1% estimated |
| American Express Travel Related Services (POC 4) | 7 | $1,574.84 | 1% estimated |
| American Express Travel Related Services (POC 5) | 7 | $1,518.55 | 1% estimated |
| UPMC Physician Services (POC 8) | 7 | $807.47 | 1% estimated |
| UPMC Health Services (POC 9) | 7 | $496.49 | 1% estimated |
| First National Bank of Pennsylvania (POC 11) | 7 | $571.77 | 1% estimated |

    10.    Treatment of General Unsecured Tax Claims

GENERAL UNSECURED TAX CLAIMS

| Creditor | Class | Total Amount Owed | Percent of Dividend |
|---|---|---|---|
| Internal Revenue Service | 7 | $2,036,784.15 | 1% |

    11.    Will Periodic payments be made to unsecured creditors?

    Yes __X__ No _____  First payment to begin on the effective date and on the anniversary of the effective date thereafter for 4 years.

If so:
    Amount of each payment (aggregate to all unsecured claimants): $4,000.00
    Estimated date of first payment: within one year of the effective date.
    Time period between payments: 1 year.
    Estimate date of last payment: December 1, 2024.
    Contingencies, if any: None known at this time.

State source of funds for planned payments, including funds necessary for capital replacement, repairs, or improvements: Source of funds for plan payments will be derived from Debtor's Income.

Other significant features of the plan:
Include any other information necessary to explain this plan:

## V. Comparison with Chapter 7 Liquidation

If Debtor's proposed plan is not confirmed, the potential alternatives would include proposal of a different plan, dismissal of the case or conversion of the case to Chapter 7. If this case is converted to Chapter 7, a trustee will be appointed to liquidate the debtor's non-exempt assets. In this event, all secured claims and priority claims, including all expenses of administration, must be paid in full before any distribution is made to unsecured claimants.

    Total value of Chapter 7 estate                             $1,060,300.00

    (See Section III)

1. Less secured claims (See IV)                                    $1,066,724.94
2. Less exemptions from Schedule C                       $66,383.00
3. Less administrative expenses (See IV)                  $45,000.00
4. (estimated and not including costs of sale/liquidation).
5. Less other priority claims (See IV)                          $0.00

Total Amount Available for Distribution to Unsecured Creditors:      $0.00.

Divided by total allowable unsecured claims of
    (See Section II C)

Percentage of Dividend to Unsecured Creditors:                     0%

Will the creditors fare better under the plan than they would in a Chapter 7 liquidation? Yes

**VI.**    **Feasibility**

    A.     If prepared, Income Statements for Prior 12 Months are available on the Court Docket.
    B.     If Prepared, Cash Flow Statements for Prior 12 months are available on the Court Docket.
    C.     Attach Cash Flow Projections for Next 12 months.

Estimated amount to be paid on effective date of plan, including administrative expenses.

    $149,544.48

Show how this amount was calculated.

| | |
|---|---|
| $15,000 | Administrative Class (estimated) |
| $130,544.48 | PNC Bank, NA (Arrears) |
| $4,000.00 | Unsecured Creditors |
| $0.00 | UST Fees |

What assumptions are made to justify the increase in cash available for the funding of the plan? Debtor expects to receive stock option from her employer which will allow her to access significant funds in addition to the cash on hand.

Will funds be available in the full amount for administrative expense on the effective date of the plan? Unknown at this time. From what source? See above. If not available, why not and when will payments be made? N/A.

**VII.**    **Management Salaries**

MANAGEMENT SALARIES

| Position/Name of Person Holding Position | Salary at Time of Filing | Proposed Salary (Post-Confirmation) |
|---|---|---|
| None | | |

**VIII.** **Identify the Effect on Plan Payments and Specify Each of the Following:**

    1.    What, if any, Litigation is pending?

| Caption of Suit and Case Number | Nature of Proceedings | Court of Agency Location | Status or Disposition |
|---|---|---|---|
| None | | | |

    2.    What, if any, Litigation is Proposed or Contemplated?    None

**IX.** **Additional Information and Comments**

**X.** **Certification**

The undersigned hereby certifies that the information herein is true and correct to the best of my knowledge and belief formed after reasonable inquiry.

Date: February 22, 2021                  /s/Brian C. Thompson
                                                Brian C. Thompson, Esquire
                                                PA-91197
                                                THOMPSON LAW GROUP, P.C.
                                                125 Warrendale-Bayne Road, Suite 200
                                                Warrendale, Pennsylvania 15086
                                                (724) 799-8404 Telephone
                                                (724) 799-8409 Facsimile
                                                bthompson@thompsonattorney.com