IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: | ) |
| | ) |
| LOIS JOYCE EVANS, | ) Bank. No. 20-20387 CMB |
| | ) Chapter 11 |
| Debtor. | ) |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) Related to Docs. 99, 163 |
| Movant, | ) Related to Claim No. 7 |
| | ) |
| vs. | ) |
| | ) |
| | ) |
| LOIS JOYCE EVANS, | ) |
| | ) |
| Respondent. | ) |

**STIPULATION AND AGREED ORDER**

IT IS HEREBY STIPULATED AND AGREED by and between Lois Joyce Evans, debtor, as represented by counsel, and the United States of America, as represented by Stephen R. Kaufman, Acting United States Attorney for the Western District of Pennsylvania, as follows:

1. The Internal Revenue Service holds a $2,552,727.92 prepetition claim in the case, consisting of a secured claim of $227,954.18, a priority claim of $305,755.90 and a general unsecured claim of $2,019,017.84.

2. The debtor will pay the IRS secured claim with interest at the rate of 3 percent per year in 84 monthly installments of $3,012.03. The first such installment shall be due on the first day of January, 2022 and the remaining installments shall be due on the first day of each month thereafter until the secured Claim is paid in full with interest.

3. The debtor will pay the IRS priority claim with interest at the rate of 3 percent per year in 60 monthly installments of $5,494.03. The first such installment shall be due on the first

day of January, 2022 and the remaining installments shall be due on the first day of each month thereafter until the priority Claim is paid in full with interest.

    4. The debtor will pay the Internal Revenue Service a total of $8,506.06 in monthly payments.

    5. The IRS will share pro rata with other general unsecured creditors in payment of its general unsecured claim. The only general unsecured assessments that are dischargeable are the tax, penalty and interest on 1040 tax periods 2010, 2011 and 2014, and the penalty on 1040s for 2002 through 2007.

    6. To the extent that any federal tax liens attached to any property owned by the debtor as of the date of the filing of the petition in this case, such property shall remain subject to such federal tax liens until such time as the amount of such liens has been fully satisfied. In order to protect its priority position against postconfirmation creditors, the Internal Revenue Service will file notices of federal tax lien following confirmation of the plan of reorganization for all unsecured priority periods for which there are liabilities.

    7. Unless the Internal Revenue Service notifies the debtor otherwise, all payments required under this stipulation shall be made to the Internal Revenue Service, for the attention of the Chief, Insolvency Section, Internal Revenue Service, Room 711B Federal Building, 1000 Liberty Avenue, Pittsburgh, PA 15222.

    8. Any refunds or credits to which the debtor may become entitled at any time before the liabilities to be repaid pursuant to this stipulation are fully satisfied may be credited administratively against the outstanding balance. In the event any refund check or checks are received by the debtor prior to the full satisfaction of the tax liability, such check or checks shall be endorsed according to law and mailed to: Internal Revenue Service, Attention: Chief,

Imaged Certificate of Notice    Page 3 of 7

Insolvency Section, Internal Revenue Service, Room 711B Federal Building, 1000 Liberty Avenue, Pittsburgh, PA 15222.

9. To the extent that there are nondischargeable tax debts in this case, the Debtor shall remain liable following the end of the bankruptcy case for any unpaid postpetition interest and penalties under Bruning v. United States, 376 U.S. 358 (1964). Debtor and IRS agree that the amount of outstanding non-dischargeable debt shall be consistent with the proof of claim filed in the above captioned case unless the parties agree to a modification. Any modification would be made solely to alter the amount of non-dischargeable debt based on payments made and would not impact the treatment of IRS or other creditors under the debtor's plan. Any modification would be reflected in an amended proof of claim.

10. No federal tax liability accruing prior to the confirmation of the plan, including interest and penalty, is discharged until the debtor completes payment in accordance with this stipulation. Any federal tax liabilities for prepetition periods which are determined by audits completed postpetition are not discharged on confirmation, but will be due and payable as if this bankruptcy had not occurred.

11. The period allowed the IRS under 26 U.S.C. § 6502(a) to collect the assessed taxes, penalties, interest and other additions and accruals thereon, which are still owed by the debtor after the plan effective date for the periods specified in the allowed claims of the IRS, shall be suspended for the period of time that the debt to the IRS is to be paid under the plan (as revised by this stipulation), unless and until a substantial default of these plan payments shall occur, and for six months thereafter, in accordance with 26 U.S.C. § 6503(h)(2). A substantial default of plan payments shall have occurred under this stipulation when a payment to the IRS required by the plan as it incorporates this stipulation, has not been made, the IRS has provided the debtor

with a written notice of default, and the debtor fails to cure the default within 30 days of the date on the written notice.

12. In the event that the debtor fails to make any of the payments required under this stipulation **or** fails to comply with any of its postconfirmation federal tax obligations, the Internal Revenue Service may pursue collection of all unpaid preconfirmation and postconfirmation liabilities through any means authorized by the Internal Revenue Code or other applicable law, including levy and seizure of the debtor's assets, including any exempt property. Notwithstanding the foregoing, the debtor shall have thirty (30) days to cure all delinquent plan payments and postconfirmation tax liabilities. This thirty day period shall commence upon the issuance of a written notice of plan default by the Internal Revenue Service to the debtor. Further, the IRS is not bound by any default provisions of the plan.

13. Should the debtor file another bankruptcy petition before completing the terms of this stipulation, this stipulation is null and void and the claims of the IRS retain their status as tax claims; they are not reduced to claims under this agreement. Notwithstanding the foregoing, the claims of the IRS will have no lower priority in any subsequent bankruptcy than they have in this case.

15. This stipulation and agreement shall be deemed incorporated in the plan of reorganization and supersedes it where inconsistent with it.

                                                        STEPHEN R. KAUFMAN
                                                        Acting United States Attorney

/s/ Brian C. Thompson, Esq.                    By:/s/ Jill Locnikar, Esq
Brian C. Thompson                                 JILL LOCNIKAR
Thompson Law Group, P.C.                     Assistant U.S. Attorney
125 Warrendale Bayne Road                    Joseph F. Weis, Jr. United States

Suite 200  
Warrendale, PA 15086  
724-799-8404  
Fax : 724-799-8409  
Email: bthompson@ThompsonAttorney.com  
PA ID No. 91197  

Courthouse  
700 Grant Street, Suite 4000  
Pittsburgh, PA 15219  
Tel: (412) 894-7429  
Email: jill.locnikar@usdoj.gov  
PA ID No. 85892  

IT IS SO ORDERED.

Dated: October 22, 2021

Carlota M. Böhm  
Chief United States Bankruptcy Judge

FILED  
10/22/21 10:55 am  
CLERK  
U.S. BANKRUPTCY  
COURT - WDPA

Any party in interest may file a written objection(s) to the entry of this order on or before November 4, 2021. If any objection(s) is filed on or before November 4, 2021, a hearing shall be scheduled by the Court. If no objection(s) is filed on or before November 4, 2021, the within order shall become final effective November 5, 2021. Attorney Brent J. Lemon, shall immediately serve a copy of the within order on all parties-in-interest and the mailing matrix and file a certificate of service with the Court.

United States Bankruptcy Court

Western District of Pennsylvania

In re:  
Lois Joyce Evans  
    Debtor

Case No. 20-20387-CMB  
Chapter 11

# CERTIFICATE OF NOTICE

District/off: 0315-2     User: gamr     Page 1 of 2  
Date Rcvd: Oct 22, 2021     Form ID: pdf900     Total Noticed: 1

The following symbols are used throughout this certificate:  
**Symbol   Definition**

+     Addresses marked '+' were corrected by inserting the ZIP, adding the last four digits to complete the zip +4, or replacing an incorrect ZIP. USPS regulations require that automation-compatible mail display the correct ZIP.

**Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Oct 24, 2021:**

| Recip ID | Recipient Name and Address |
|---|---|
| db | + Lois Joyce Evans, 113 Burry Avenue, Bradfordwoods, PA 15015-1239 |

TOTAL: 1

**Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.**  
Electronic transmission includes sending notices via email (Email/text and Email/PDF), and electronic data interchange (EDI).

NONE

## BYPASSED RECIPIENTS

**The following addresses were not sent this bankruptcy notice due to an undeliverable address, *duplicate of an address listed above, *P duplicate of a preferred address, or ## out of date forwarding orders with USPS.**

NONE

## NOTICE CERTIFICATION

I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed .R. Bank. P.2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Oct 24, 2021      Signature:      /s/Joseph Speetjens

---

## CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on October 22, 2021 at the address(es) listed below:

| Name | Email Address |
|---|---|
| Anthony T. Kovalchick | on behalf of Creditor Dep't of Revenue Office of Attorney General akovalchick@attorneygeneral.gov |
| Brian Nicholas | on behalf of Creditor PNC Mortgage A Division Of Pnc Bank, National Association bnicholas@kmllawgroup.com |
| Brian C. Thompson | on behalf of Debtor Lois Joyce Evans bthompson@ThompsonAttorney.com blemon@thompsonattorney.com;bthompson@ecf.courtdrive.com;jcastello@thompsonattorney.com;kfinke@thompsonattorney.com |
| Jill Locnikar | on behalf of Creditor United States of America Department of the Treasury Internal Revenue Service jill.locnikar@usdoj.gov, patricia.fitzgerald@usdoj.gov;caseview.ecf@usdoj.gov;kassi.horton@usdoj.gov |
| Larry E. Wahlquist | on behalf of U.S. Trustee Office of the United States Trustee larry.e.wahlquist@usdoj.gov |

District/off: 0315-2 | User: gamr | Page 2 of 2
Date Rcvd: Oct 22, 2021 | Form ID: pdf900 | Total Noticed: 1

Office of the United States Trustee
    ustpregion03.pi.ecf@usdoj.gov

Stephen Russell Franks
    on behalf of Creditor JPMorgan Chase Bank  N.A. amps@manleydeas.com

Stephen Russell Franks
    on behalf of Creditor PNC BANK  N.A. amps@manleydeas.com

Stephen Russell Franks
    on behalf of Creditor PNC BANK  NATIONAL ASSOCIATION amps@manleydeas.com

Thomas Song
    on behalf of Creditor PNC Bank  National Association, et.al. pawb@fedphe.com

TOTAL: 10